JOSEPH G. SLOAN, SHERIFF, v. WHERRY BROTHERS.

FILED JUNE 3, 1897. No. 7342.

1. Review: RULINGS ON EVIDENCE. A judgment will not be reversed on account of the admission of evidence upon a proposition not controverted in this court.

2. Evidence: SALES: FRAUD. It is not, in order to charge a purchaser of goods with the fraud of his vendor, permissible to prove that the latter about the time in question sold other goods of like character "at a great sacrifice" without reference to their value or the price realized therefor, such evidence being the mere conclusion of the witness and not the statement of any fact material to the issue.

3. Witnesses: ATTORNEY AND CLIENT: PRIVILEGED COMMUNICATIONS. An attorney or counselor at law is by statute in the state prohibited from disclosing any confidential communication properly entrusted to him in his professional capacity, without his client's consent in open court or in writing produced in court. (Code of Civil Procedure, secs. 328, 333.)

4. Instructions: ASSIGNMENTS OF ERROR. Where several instructions are grouped together in a single assignment of the motion for a new trial or petition in error, they will be examined so far only as to determine whether a single one was rightly given or rightly refused.

5. Action to Recover Property Seized by Sheriff Under Writ of Attachment: VERDICT FOR PLAINTIFFS. Evidence examined, and *held* to sustain the judgment complained of.

ERROR from the district court of Pawnee county. Tried below before BABCOCK, J. *Affirmed.*

*Story & Story,* for plaintiff in error.

*Humphry & Raper, contra.*

POST, C. J.

This was an action of replevin in the district court for Pawnee county, in which the plaintiffs below, defendants in error, recovered judgment and the defendant prosecutes error.

The property in controversy was certain buggies and wagons, to which plaintiffs below claimed title by purchase from one Miller, to whom further reference will hereafter be made, while the defendant, as sheriff of Pawnee county, claimed through an order of attachment issued in a certain suit wherein Gardner Baker was plaintiff and Kirkwood, Miller & Co. were defendants. The facts essential to an understanding of the controversy are as follows: In the month of December, 1892, the said Kirkwood, Miller & Co., then engaged as wholesale dealers in wagons, buggies, harness, etc., in the city of Peoria and state of Illinois, consigned to said Miller, in the name of the Henning Buggy Company, at Pawnee City, in this state, a car-load of buggies and wagons, of which those here in controversy were a part. Said property was, by the railroad company, on its arrival at Pawnee City, delivered to Miller upon the consignors' order, and by the former offered for sale in a room previously rented for that purpose, but was a day or two later, to-wit, on January 5, 1893, closed out by sale of the entire consignment to the plaintiffs below. On December 31 the firm of Kirkwood, Miller & Co. closed its doors, having been insolvent for some time previous, and there is in this record some evidence tending to prove fraud on the part of said firm in the disposition of the stock. On Janu-

ary 6 the said Baker commenced an action against Kirkwood, Miller & Co. in the district court for Pawnee county on an acceptance of the latter in the sum of $5,000, in which he procured the issuance of an order of attachment, in obedience to which the defendant below as sheriff seized the property above described, then in the possession of the plaintiffs, Wherry Bros., and which was by the latter recovered under the order of replevin in this action.

The controlling question in the district court was, as indicated by the record, whether the plaintiffs below were, upon the evidence adduced, *bona fide* purchasers for value without notice of a purpose on the part of the said Miller or the firm of Kirkwood, Miller & Co. to defraud the creditors of the latter. The relation of Miller to the firm of Kirkwood, Miller & Co., whether that of a purchaser or a factor for sale, is not entirely clear from the record. Nor is such fact material since he, Miller, was, if the agent merely of the consignors, acting within the scope of his authority as such, and the plaintiffs below stand in no worse position than if they had dealt directly with Kirkwood, Miller & Co. Plaintiffs paid in cash the reasonable value of the property purchased, and the question of fraud and good faith was submitted to the jury by instructions quite as favorable to the defendant as he was entitled to upon the case as made, and the verdict must be accepted as conclusive in this proceeding.

Error is assigned in the admission, over the objection of the defendant below, of certain statements by Miller, the plaintiff's vendor, as evidence of the latter's title; but the only objection to the testimony offered for that purpose applies to matters respecting which there is at this time no controversy; hence the ruling assigned presents no grounds of complaint.

The defendant below offered to prove by a witness offered for that purpose that about two weeks previous to the transaction here involved said Miller admitted having recently sold in the state of Kansas at a great sacrifice a car-load of buggies consigned to him by Kirk-

49

wood, Miller & Co., which evidence was, upon objection by the plaintiffs, excluded, and which ruling is now assigned as error.    The offer included the mere conclusion of the witness without the statement of any facts indicating the value of the property or the price for which it was sold, and was therefore rightly rejected.

Mr. Giffin was called in behalf of the defendant below for the purpose of proving certain admissions by one of the plaintiffs, D. E. Wherry, and upon his preliminary examination testified that the statements to which his attention had been directed were made by the plantiiff named for the purpose of securing the advice of the witness as an attorney and counselor at law, engaged in the practice of his profession, whereupon the evidence offered was, upon the objection of the plaintiffs, excluded. Such testimony is clearly incompetent (Code of Civil Procedure, secs. 328, 333), and the ruling with respect thereto is accordingly free from error.

It is insisted that the court erred in giving instruction No. 3 at the request of plaintiffs below; but the only reference to that paragraph in the motion for a new trial is in the fourth assignment thereof, which also includes those numbered 1, 2, 4, and 5.    It is not pretended that the court erred in giving each of said instructions; hence, under the oft-asserted rule of this court, the assignment cannot be further considered.

Exception was also taken to the refusing of instruction No. 7 requested by defendant below; but so far as it can be said to correctly embody the law of the case, it had been in substance included in those given on the court's own motion.

We discover no error in the record, and the judgment will be

AFFIRMED.